UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| J GIORDANO SECURITIES LLC d/b/a<br>J GIORDANO SECURITIES GROUP,<br><br>Plaintiff,<br><br>- vs -<br><br>CALVERT GROUP, LTD., CALVERT<br>ASSET MANAGEMENT COMPANY,<br>INC., CALVERT SOCIAL INVESTMENT<br>FUND, and CALVERT VARIABLE<br>SERIES, INC.,<br><br>Defendants. | x<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>x | Civil Action No.: _____<br><br><br><br><br><br><br><br>September 8, 2006 |

## COMPLAINT AND JURY DEMAND

J Giordano Securities LLC d/b/a J Giordano Securities Group ("JGSG" or "Plaintiff"), by its attorneys Dreier LLP, brings this action against Calvert Group Ltd., Calvert Asset Management Company, Inc., Calvert Social Investment Fund, and Calvert Variable Series, Inc. (collectively, "Defendants"), and complains as follows:

### THE PARTIES

1.  JGSG is a Delaware limited liability company qualified to conduct business in the State of Connecticut. JGSG's principal place of business is located at 1234 Summer Street, Stamford, Connecticut 06901.

2.  Upon information and belief, defendant Calvert Group, Ltd. is incorporated in the State of Delaware and has its principal place of business at 4550 Montgomery Avenue, Bethesda, Maryland 20814.

{00183150.DOC;7}

3.     Upon information and belief, defendant Calvert Asset Management Company, Inc. is incorporated in the State of Delaware, has its principal place of business at 4550 Montgomery Avenue, Bethesda, Maryland 20814, and is a wholly-owned subsidiary of Calvert Group, Ltd.

4.     Upon information and belief, Calvert Social Investment Fund is a Massachusetts voluntary association and trust doing business at 4550 Montgomery Avenue, Bethesda, Maryland 20814.

5.     Upon information and belief, Calvert Social Investment Fund owns Calvert Social Investment Balanced Fund.

6.     Upon information and belief, Calvert Variable Series, Inc. is incorporated in the State of Maryland and has its principal place of business at 4550 Montgomery Avenue, Bethesda, Maryland 20814.  Upon information and belief, Calvert Variable Series, Inc. owns CVS Social Balanced Fund.

## JURISDICTION AND VENUE

7.     The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.A. § 1332(a) because there is complete diversity between the parties and the amount in controversy, exclusive of interests and costs, exceeds the sum of $75,000.

8.     The Court has personal jurisdiction over Defendants under C.G.S.A. § 52-59b(a) because Defendants regularly transact business in the District of Connecticut.

9.     Venue in this District is proper under 28 U.S.C.A. § 1391(a) because a substantial part of the events giving rise to the claims occurred in this District.

## BACKGROUND

10. This is an action for specific performance, breach of contract, and promissory estoppel, arising from Defendants' willful breach of an agreement to sell four thousand five hundred 8.625% Maryland State Economic Development Corporation Revenue Rocky Gap Bonds, due on October 1, 2019 and identified by CUSIP number 574205BVI (the "Calvert Bonds") to JGSG, pursuant to an agreement between JGSG and Defendants reached on August 28, 2006 (the "Agreement").

**JGSG and its Relationship with its Client DK Partners**

11. JGSG is a privately-owned, full-service investment banking and brokerage firm, which provides a wide range of financial services.

12. JGSG is a validly registered and licensed broker-dealer. JGSG is duly authorized to act as a principal and/or as an agent in the purchase or sale of securities and bonds issued under all applicable federal and state securities laws and regulations. JGSG is a member in good standing with the NASD, and the Municipal Securities Rulemaking Board ("MSRB") and has never been fined or sanctioned by the NASD nor the MSRB.

13. Non-party DK Partners is a significant client of JGSG, and frequently uses JGSG to purchase and sell certain securities.

14. In or about mid-August 2006, DK Partners instructed JGSG to purchase all outstanding Maryland State Economic Development Corporation Revenue Rocky Gap Bonds (the "Rocky Gap Bonds").

15. Upon information and belief, twenty-six thousand three hundred Rocky Gap Bonds were outstanding at that time.

**The Waddell and Reed Transaction**

16. At the request of DK Partners, on August 15, 2006, JGSG purchased three thousand two hundred fifty 8.375% Rocky Gap Bonds, due on October 1, 2009 and identified by CUSIP number 574205BU3 from Waddell and Reed (the "Waddell Bonds") for a price of $600 dollars per bond, "flat," *i.e,.* without any obligation on behalf of JGSG to pay the seller interest that had accrued on the bonds but had not been paid by the issuer on a "riskless principal" basis, which means that JGSG bore no risk because it already had a buyer (DK Partners) for the bonds it purchased. The bonds were traded "flat" because they had not paid interest in approximately four (4) years.

17. Immediately after purchasing the Waddell Bonds on August 15, 2006, JGSG sold them to DK Partners for a price of $605 dollars per bond "flat".

### The Allstate Insurance Transaction

18.     At the request of DK Partners, on August 28, 2006, JGSG purchased eighteen thousand five hundred 8.625% Rocky Gap Bonds, due on October 1, 2019 and identified by CUSIP number 574205BVI, from Allstate Insurance Company (the "Allstate Bonds") at a price of $645 dollars per bond "flat" on a riskless principal basis. These bonds traded "flat" because they had not paid interest in approximately four (4) years.

19.     Immediately after purchasing the Allstate Bonds on August 28, 2006, JGSG sold them to DK Partners for a price of $650 dollars per bond "flat."

20.     Upon information and belief, after JGSG sold the Waddell Bonds and Allstate Bonds to DK Partners on August 15 and August 28, 2006, respectively, DK Partners owned twenty-one thousand three hundred of the twenty-six thousand three hundred Rocky Gap Bonds outstanding.

### The Calvert Transactions

21.     Upon information and belief, on August 28, 2006, Defendants held the remaining five thousand outstanding Rocky Gap Bonds.

22.     At about 10:00 a.m. on August 28, 2006, shortly after purchasing the Allstate Bonds, at the request of DK Partners, JGSG entered into the Agreement with Defendants, pursuant to which JGSG purchased the Calvert Bonds from Defendants at a price of $645 dollars per bond "flat" (a total purchase price of $2,902,500), on a riskless principal basis. These bonds were traded "flat" because they had not been paid interest in approximately four (4) years.

23. Under Connecticut law and the rules G-13, G-15, and G-17 of the Municipal Securities Rulemaking Board, Defendants had an obligation to make only *bona fide* offers and to act in good faith when they entered into the Agreement with JGSG.

24. In furtherance of the Agreement to sell the Calvert Bonds to JGSG at a price of $645 dollars per bond "flat", Defendants forwarded wiring instructions to JGSG. A copy of the e-mails exchanged and wiring instructions received from Defendants on August 28, 2006 is attached as <u>Exhibit 1</u>.

25. JGSG entered the trade to purchase the Calvert Bonds into the MSRB computer system on a timely basis. A copy of that entry is attached as <u>Exhibit 2</u>.

26. Immediately after purchasing the Calvert Bonds on August 28, 2006, JGSG sold them to DK Partners for a price of $650 dollars per bond "flat" as a riskless principal.

**<u>Defendants' Breach</u>**

27. On the morning of August 29, 2006, Defendants contacted JGSG to advise it that there had been an "internal error" at Calvert Asset Management Company, Inc., and that Defendants wanted to rescind the Agreement.

28. JGSG immediately contacted Defendants' portfolio manager, Greg Habeeb, who reiterated that Defendants would not perform the Agreement and would not sell the Calvert Bonds at $645 dollars per bond "flat" because Defendants wanted to receive "32 points" (approximately $1,200,000) accrued interest.

29.     JGSG demanded that Defendants honor their obligations under the Agreement because, in reliance on Defendants' agreement to sell the Calvert Bonds, JGSG had already sold those bonds to its client DK Partners in good faith.

30.     Defendants repudiated their contractual obligation to deliver the Calvert Bonds, however, and Mr. Habeeb told JGSG:

- The mistake was an internal one by Calvert;
- Calvert was "sorry;"
- Calvert would transact considerably more business with JGSG to make up for Calvert's error;
- DK Partners was wrong to expect delivery of the Calvert Bonds.

31.     The trade involving the Calvert Bonds was scheduled to settle on August 31, 2006.

32.     On August 31, 2006, Defendants failed to deliver the Calvert Bonds.

## COUNT I
## (Breach of Contract - Specific Performance)

33.     JGSG repeats and realleges the allegations contained in paragraphs 1 through 32 as if fully set forth herein.

34.     On August 28, 2006 JGSG and Defendants entered into the Agreement.

35.     Defendants materially and substantially breached Agreement and repudiated the Agreement by refusing to deliver the Calvert Bonds at the agreed upon price, with knowledge that JGSG had already agreed to sell the Calvert Bonds to DK Partners.

36. JGSG was at all times and still is ready, willing and able to pay Defendants the agreed upon price and otherwise to perform the Agreement.

37. The Calvert Bonds are unique because, with the exception of five hundred Rocky Gap Bonds that are not currently available for sale, they are (i) the last of their kind issued by the issuer, and (ii) not available for purchase from anyone other than Defendants.

38. JGSG has no adequate remedy at law.

39. By reason of the foregoing, JGSG is entitled to an order requiring defendants to deliver the Calvert Bonds in exchange for the agreed upon price of $645 dollars per bond "flat."

## COUNT II
### (Breach of Contract - Money Damages)

40. JGSG repeats and realleges the allegations contained in paragraphs 1 through 36 as if fully set forth herein.

41. As a direct result of the foregoing, JGSG has suffered damages in an amount to be determined at trial.

## COUNT III
### (Promissory Estoppel)

42. JGSG repeats and realleges the allegations contained in paragraphs 1 through 36 as if fully set forth herein.

43. Defendants made a clear and unambiguous promise to JGSG to deliver the Calvert Bonds at a price of $645 dollars per bond "flat," with knowledge that JGSG intended to sell the Calvert Bonds to its client DK Partners.

44. JGSG reasonably and foreseeably relied on this promise.

45. As a direct result of its reliance on Defendants' promises, JGSG has suffered damages in an amount to be determined at trial.

## COUNT IV
### (Breach of the Covenant of Good Faith and Fair Dealing)

46. JGSG repeats and realleges the allegations contained in paragraphs 1 through 36 as if fully set forth herein.

47. By engaging in the aforesaid conduct, and by failing to abide by the covenants and representations in the Agreement, including failing to deliver the Calvert Bonds at a price of $645 dollars per bond "flat," Defendants have breached their duty of good faith and fair dealing.

48. JGSG has suffered damage.

WHEREFORE, JGSG demands that judgment be entered in favor of JGSG and against Defendants and that JGSG be awarded the following relief:

    A. An order requiring Defendants to deliver the Calvert Bonds to JGSG at the agreed upon price of $645 per bond, "flat," a total price of $2,902,500;

    B. Money damages in an amount to be determined at trial;

    C. Punitive damages;

    D. The costs of this action;

    E. Attorneys' fees; and

    F. Such other and further relief as is just and proper.

Dated: Stamford, CT
September 8, 2006

                **THE PLAINTIFF,**
                **J GIORDANO SECURITIES LLC d/b/a**
                **J GIORDANO SECURITIES GROUP**

By: _____
     Joseph M. Pastore III (ct11431)
     Eric C. Osterberg (ct22679)
     DREIER LLP
     One Landmark Square, 20th Floor
     Stamford, Connecticut 06901
     Tel: 203-425-9500
     Fax: 203-425-9595

## DEMAND FOR JURY TRIAL

JGSG demands a trial by jury as to all issues so triable.

Dated: Stamford, CT
September 8, 2006

                    **THE PLAINTIFF,
J GIORDANO SECURITIES LLC d/b/a
J GIORDANO SECURITIES GROUP**

By: _____
Joseph M. Pastore III (ct11431)
Eric C. Osterberg (ct22679)
DREIER LLP
One Landmark Square, 20th Floor
Stamford, Connecticut 06901
Tel: 203-425-9500
Fax: 203-425-9595

{00183150.DOC;7}        11