## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

-----------------------------------------------------------x

|  |  |  |
|---|---|---|
| J GIORDANO SECURITIES LLC d/b/a J GIORDANO SECURITIES GROUP, | : | Civil Action No.:3:06-cv-01415-JCH |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| - vs - | : |  |
|  | : |  |
| CALVERT GROUP, LTD., CALVERT ASSET MANAGEMENT COMPANY, INC., CALVERT SOCIAL INVESTMENT FUND, and CALVERT VARIABLE SERIES, INC., | : | **December 8, 2006** |
|  | : |  |
| Defendant. | x |  |

-----------------------------------------------------------

### RULE 26(f) REPORT OF PARTIES' PLANNING MEETING

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on November 13, 2006. The participants were Eric C. Osterberg of Dreier LLP for plaintiff J Giordano Securities LLC d/b/a J Giordano Securities Group ("JGSG" or "Plaintiff"), and Stephen G. Topetzes of Kirkpatrick & Lockhart Nicholson Graham LLP for defendants Calvert Group, Ltd., Calvert Asset Management Company, Inc., Calvert Social Investment Fund, and Calvert Variable Series, Inc. (collectively "Calvert" or "Defendants").

### I.    Certification

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their

{00212629.DOC;}

clients, have developed the following proposed case management plan.  Counsel further certify that they have forwarded a copy of this report to their clients.

## II.     Jurisdiction

### A.      Subject Matter Jurisdiction

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity between the parties and the amount in controversy, exclusive of interests and costs, exceeds the sum of $75,000.

### B.      Personal Jurisdiction

Personal jurisdiction is not contested.

## III.     Brief Description of Case

This case arises from a dispute concerning a municipal bond trade.  Plaintiff contends that it agreed to buy, and that Defendants agreed to sell, four thousand five hundred 8.625% Maryland State Economic Development Corporation Revenue Rocky Gap Bonds, due on October 1, 2019 and identified by CUSIP number 574205BVI (the "Rocky Gap Bonds") for a price of $645 per bond "flat", that is without paying to Calvert the amount of interest that had accrued but had not been paid by the issuer.  Calvert contends that if the parties reached agreement regarding a trade, the price was $645 per bond plus accrued interest.  The difference in price is approximately $1.2 million.

### A.      Claims of Plaintiff

Breach of Contract-Specific Performance, Breach of Contract - Money Damages, Promissory Estoppel, Breach of Covenant of Good Faith and Fair Dealing.

**B.**    **Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendants**

<u>Defenses</u> - Failure to state a claim, plaintiff's fault, failure to mitigate damages, unclean hands, unavailability of equitable remedies, unavailability of punitive damages.

<u>Counterclaims</u> - Breach of Contract - Money damages, Breach of Covenant of Good Faith and Fair Dealing

**C.**    **Defenses and Claims of Third Party Defendant/s**

Not Applicable.

**IV.    Statement of Undisputed Facts**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute.  The parties state that the following material facts are undisputed:

On August 28, 2006, investment company portfolios managed by Calvert held 5,000 Rocky Gap Bonds.  The "Funds" as defined in Defendants' Counterclaims held 4,500 Rocky Gap Bonds and another mutual fund portfolio managed by Calvert owned 500 Rocky Gap Bonds.

On August 28, 2006 at approximately 10 a.m., Evan Schwartzberg of JGSG contacted Patrick Faul of Calvert and offered to buy all 5,000 Rocky Gap Bonds held by Calvert.

On August 28, 2006 a Calvert employee sent wiring instructions to a JGSG employee.

The documents annexed as Exhibit 1 to the Complaint reflect communications between employees of JGSG and Calvert.

JGSG entered data on the MSRB computer system on August 28, 2006. Exhibit 2 to the complaint reflects that entry.


A trade settlement was scheduled for August 31, 2006.

The Rocky Gap Bonds are part of a limited offering.  There are only a few holders of Rocky Gap Bonds.

## V.    Case Management Plan

### A.    Standing Order on Scheduling in Civil Cases

**Defendants request** modification of the deadlines in the Standing Order on Scheduling in Civil cases as follows: motions for summary judgment may be filed within 9 months of the date the complaint was served on defendants.  **Plaintiff** requests that there be no modification.

### B.    Scheduling Conference With the Court

The parties **request** a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).  The parties prefer a conference by **telephone**.

### C.    Early Settlement Conference

- The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.  Settlement appears to be **unlikely at this time**.

- The parties **do not request** an early settlement conference.

- The parties prefer a settlement conference with a **magistrate judge**.

- The parties **do not request** a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

**D.     Joinder of Parties and Amendment of Pleadings**

- Plaintiff(s) should be allowed until ninety (90) days before the close of discovery to file motions to join additional parties and until thirty (30) days before the close of discovery to file motions to amend the pleadings.

- Defendant(s) should be allowed until ninety (90) days before the close of discovery to file motions to join additional parties and until thirty (30) days before the close of discovery to file motions to amend the pleadings. Defendants responded to the complaint and asserted counterclaims on October 20, 2006.

**E.  Discovery**

- The parties anticipate that discovery will be needed on the following subjects:

   a.     whether the parties reached an agreement concerning the sale of Rocky Gap Bonds

   b.     if the parties agreed on the terms of a sale of Rocky Gap Bonds, the agreed upon purchase price;

   c.     communications between the parties;

   d.     admissions and internal communications;

   e.     the nature of the bonds and identities of bondholders;

   f.     the interest payment status of, and prognosis for, the Rocky Gap Bonds;

   g.     the parties' trading standards and practices;

    h.     industry trading and accounting practices and standards; and

    i.     the nature and amount of damages sustained by the parties.

- All discovery, including depositions of expert witness pursuant to Fed. R. Civ. P. 26(b) (4), will be commenced by December 1, 2006 and completed (not propounded) by June 1, 2007.

- Discovery **will not be** conducted in phases.

- Discovery on damages will be completed by June 1, 2007.

- The parties anticipate that the plaintiff(s) will require total of **8** depositions of fact witnesses and that the defendant(s) will require a total of 9 depositions of fact witnesses.  The Depositions will commence as early as January 3, 2007 and be completed by April 20, 2007.

- The parties **will not** request permission to serve more than 25 interrogatories.

- Plaintiff intends to call expert witnesses at trial.  Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts with respect to issues on which plaintiff bears the burden of proof pursuant to Fed. R. Civ. P. 26(a)(2) by March 16, 2007.  Depositions of any such experts will be completed by April 13, 2007.  Plaintiffs will designate all rebuttal experts and provide opposing counsel with reports from such experts pursuant to Fed. R. Civ. P. 26(a)(2) by May 15, 2007.  Depositions of such experts will be completed by the June 1, 2007 discovery cutoff date.

- Defendants **intend** to call expert witnesses at trial.  Defendants will designate all trial experts with respect to issues on which defendants bear

the burden of proof pursuant to Fed. R. Civ. P. 26(a)(2) by April 16, 2007.

Depositions of any such experts will be completed by May 11, 2007.

Defendants will designate all rebuttal experts and provide opposing counsel

with reports from such experts pursuant to Fed. R. Civ. P. 26(a)(2) by May

15, 2007.  Depositions of such experts will be completed by the June 1,

2007 discovery cutoff date.

- A damage analysis will be provided by any party that has a claim or
  counterclaim for damages by March 16, 2007.

**F.     Dispositive Motions**

Defendants requests that filing of dispositive motions be permitted until on or

before June 15, 2007.  Plaintiff requests that no dispositive motions be permitted after the

deadline imposed for filing summary judgment motions by the Standing Order, April 8, 2007.

**G.     Joint Trial Memorandum**

The joint trial memorandum contemplated by the Standing Order on Trial

Memoranda in Civil Cases will be filed no later than 30 days after the close of discovery or 30

days after the Court rules on any dispositive motion, whichever is later.

**VI.    TRIAL READINESS**

The case will be ready for trial no later than two weeks after the filing of the

joint trial memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

DREIER LLP

By _~~Eric~~ Ortakay_ Date December 8, 2006

KIRKPATRICK & LOCKHART NICHOLSON GRAHAM LLP

By _Stephen O. Trpy_ Date December 8, 2006

DALY & PAVLIS, LLC

By _Alfred U. Pavlis/ss_ Date December 8, 2006

{00212629.DOC;}                                    8

## CERTIFICATE OF SERVICE

I certify that on December 9, 2006 a copy of the forgoing RULE 26(f) REPORT OF
PARTIES' PLANNING MEETING was filed electronically.  Notice of this filing will be sent by
email to all parties by operation of the Court's electronic filing system.  Parties may access this filing
through the Court's system.

Alfred U. Pavlis
Daly & Pavlis, LLC
107 John Street
Southport, CT 06980
Hartford, Connecticut 06103-3469

Stephen G. Topetzes
Bethany M. Nikfar
Kirkpatrick & Lockhart Nicholson Graham LLC
1601 K Street, N.W.
Washington, C.D. 20006


Eric C. Osterberg